1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEFFREY A. PATE,

11              Plaintiff,                 No. CIV S-04-1201 FCD DAD P

12        vs.

13   SACRAMENTO COUNTY
     SHERIFFS DEPUTIES,

14
                Defendants.               ORDER
15
     _____/
16

17              Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

18   42 U.S.C. § 1983.  Plaintiff filed his second amended complaint on November 17, 2004, and paid

19   the filing fee on November 24, 2004.

20              Plaintiff's second amended complaint states a cognizable claim for relief pursuant

21   to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against defendant deputy Garcia with respect to

22   plaintiff's failure to protect claim.  If the allegations of the second amended complaint are

23   proven, plaintiff has a reasonable opportunity to prevail on the merits of this claim.  With respect

24   to plaintiff's medical care claim, the court will not order service on defendants identified merely

25   as "Physicians - Medical Staff - Sacramento Main Jail 651 - "I" Street."  In this regard, the

26   defendants are not sufficiently identified for purposes of effecting service.  Moreover, plaintiff

                                           1

1   has failed to provide sufficient allegations to state a cognizable medical care claim.  In this vein,

2   plaintiff contends that he has not been returned to the hospital for "internal analysis (x-rays)" and

3   for treatment of his "pain and/or numbness on left side of face and head (migraine headaches)

4   difficulties with my balance equalibriam [sic], psychological problems, numbness in legs arms

5   and fingers . . . ."  (Compl., Attach. at 2.)  Plaintiff was advised in the court's October 28, 2004

6   order that a mere difference of opinion between an inmate and jail medical staff regarding a

7   diagnosis or the appropriate treatment is not sufficient to support a § 1983 claim for deliberate

8   indifference to the inmate's medical care.

9           The Clerk of the Court will be directed to issue one summons to plaintiff for

10  purposes of service of process on defendant Garcia.  See Federal Rule of Civil Procedure 4.

11  Plaintiff shall complete service of process in accordance with Federal Rule of Civil Procedure 4

12  within sixty days from the date of this order.[1]  Plaintiff shall serve a copy of this order on

13  defendant Garcia together with a summons and a copy of the second amended complaint.  Within

14  120 days from the date of this order, plaintiff and defendant shall each submit to the court and

15  serve by mail on the other party the following status report:

16          1.  Whether this matter is ready for trial and, if not, why not;

17          2.  Whether additional discovery is deemed necessary.  If further discovery is

18  deemed necessary, the party desiring it shall state the nature and scope of the discovery and

19  provide an estimate of the time needed in which to complete it;

20          3.  Whether a pretrial motion is contemplated.  If any such motion is

21  contemplated, the party intending to file it shall describe the type of motion and shall state the

22  time needed to file the motion and to complete the time schedule set forth in Local Rule 78-

23  230(m);

24  /////

25

26          [1]  Plaintiff is cautioned that this action may be dismissed if service of process is not
    accomplished within 120 days from the date the complaint was filed.  See Fed. R. Civ. P. 4(m).

1        4.  A narrative statement of the facts that will be offered by oral or documentary

2  evidence at trial;

3        5.  A list of all exhibits to be offered into evidence at the trial of the case;

4        6.  A list of the names and addresses of all witnesses the party intends to call;

5        7.  A summary of the anticipated testimony of any witnesses who are presently

6  incarcerated;

7        8.  The time estimated for trial;

8        9.  Whether either party still requests trial by jury; and

9        10.  Any other matter, not covered above, which the party desires to call to the

10  attention of the court.

11        In addition, plaintiff shall inform the court in his status report of the date and

12  manner of service of process.

13        The parties are informed that they may, if all consent, have this case tried by a

14  United States Magistrate Judge while preserving their right to appeal to the Circuit Court of

15  Appeals.  An appropriate form for consent to trial by a magistrate judge is attached.  Any party

16  choosing to consent may complete the form and return it to the clerk of this court.

17        In accordance with the above, IT IS HEREBY ORDERED that:

18        1.  The Clerk of the Court is directed to issue and send plaintiff one summons for

19  defendant Garcia.  The Clerk shall also send plaintiff two copies of the form "Consent to

20  Proceed Before United States Magistrate Judge" with this order.

21        2.  Plaintiff shall complete service of process on the defendant within sixty days

22  from the date of this order.  Plaintiff shall serve a copy of this order and a copy of the form

23  "Consent to Proceed Before United States Magistrate Judge" on defendant at the time the

24  summons and second amended complaint are served.

25        3.  Defendant shall reply to the second amended complaint within the time

26  provided by the applicable provisions of Fed. R. Civ. P. 12(a).

3

4.  Plaintiff's status report shall be filed within ninety days from the date of this order.  Defendant's status report shall be filed within thirty days thereafter.  The parties are advised that failure to file a status report in accordance with this order may result in the imposition of sanctions, including dismissal of the action and preclusion of issues or witnesses.

5.  Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59 and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall be briefed pursuant to Local Rule 78-230(m).  Failure to oppose such a motion timely may be deemed a waiver of opposition to the motion.  Opposition to all other motions need be filed only as directed by the court.

6.  If plaintiff is released from prison at any time during the pendency of this case, any party may request application of other provisions of Local Rule 78-230 in lieu of Local Rule 78-230(m).  In the absence of a court order granting such a request, the provisions of Local Rule 78-230(m) will govern all motions described in #5 above regardless of plaintiff's custodial status. See Local Rule 1-102(d).

7.  Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), plaintiff is advised of the following requirements for opposing a motion to dismiss for failure to exhaust administrative remedies made by defendant pursuant to non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure.  Such a motion is a request for dismissal of unexhausted claims without prejudice.  The defendant may submit affidavits or declarations under penalty of perjury and admissible documentation to support the motion to dismiss.  To oppose the motion, plaintiff may likewise file declarations under penalty of perjury and admissible documentation.  Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations by other persons who have personal knowledge of

4

1  relevant matters.  Plaintiff may also rely upon written records, but plaintiff must prove that the

2  records are what plaintiff claims they are.  If plaintiff fails to contradict defendant's evidence

3  with admissible evidence, the court may rely on the defendant's evidence.  In the event both sides

4  submit matters outside the pleadings, the court may look beyond the pleadings and decide

5  disputed issues of fact.  If plaintiff does not serve and file a written opposition to the motion, the

6  court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the

7  defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's

8  unexhausted claims will be dismissed without prejudice.

9         8.  Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),

10 cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988),

11 plaintiff is advised of the following requirements for opposing a motion for summary judgment

12 made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Such a motion

13 is a request for an order for judgment in favor of defendant without trial.  A defendant's motion

14 for summary judgment will set forth the facts that the defendant contends are not reasonably

15 subject to dispute and that entitle the defendant to judgment.  To oppose a motion for summary

16 judgment, plaintiff must show proof of his claims.  Plaintiff may do this in one or more of the

17 following ways.  Plaintiff may rely upon statements made under the penalty of perjury in the

18 complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and

19 plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.

20 Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that

21 plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must

22 have personal knowledge of the facts stated.  Plaintiff may rely upon written records, but plaintiff

23 must prove that the records are what plaintiff claims they are.  Plaintiff may rely upon all or any

24 part of the transcript of one or more depositions, answers to interrogatories, or admissions

25 obtained in this proceeding.  If plaintiff fails to contradict the defendant's evidence with

26 counteraffidavits or other admissible evidence, the defendant's evidence may be taken as the

truth and the defendant's motion for summary judgment granted.  If there is some good reason

why such facts are not available to plaintiff when required to oppose a motion for summary

judgment, the court will consider a request to postpone considering the defendant's motion.  If

plaintiff does not serve and file a written opposition to the motion or a request to postpone

consideration of the motion, the court may consider the failure to act as a waiver of opposition to

the defendant's motion.  If the defendant's motion for summary judgment, whether opposed or

unopposed, is granted, judgment will be entered for the defendant without a trial and the case

will be closed.

       9.  A motion or opposition supported by unsigned affidavits or declarations will

be stricken.

       10.  Each party shall keep the court informed of a current address at all times

while the action is pending.  Any change of address must be reported promptly to the court in a

separate document captioned for this case and entitled "Notice of Change of Address."  A notice

of change of address must be properly served on other parties.  Pursuant to Local Rule 83-182(f),

service of documents at the record address of a party is fully effective.  Failure to inform the

court of a change of address may result in the imposition of sanctions including dismissal of the

action.

       11.  The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of

Court.

       12.  The failure of any party to comply with this order, the Federal Rules of Civil

Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but

not limited to, dismissal of the action or entry of default.  Fed. R. Civ. P. 11; Local Rule 11-110.

DATED: August 15, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
pate1201.8fee