IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY A. PATE,

        Plaintiff,                     No. CIV S-04-1201 FCD DAD P

    vs.

SACRAMENTO COUNTY
SHERIFFS DEPUTIES, et al.,

        Defendants.              ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On June 1, 2007, plaintiff filed a vague request for an extension of time and on June 20, 2007, defendants filed their opposition to that request. The court notes that plaintiff has failed to file his status report as ordered by the court on May 11, 2007. In the interest of justice, the court will grant plaintiff an extension of time to file his status report.

        Plaintiff has also filed a second request for the appointment of counsel. As the court explained in its order filed on November 4, 2005, the district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the

/////

1

voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for an extension of time, filed on June 1, 2007, is granted;

2. Within thirty days from the date of this order, plaintiff shall file his status report pursuant to the court's order filed on May 11, 2007; and

3. Plaintiff's June 8, 2007 motion for the appointment of counsel is denied.

DATED: June 26, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:bb/4
pate1201.31(2)